UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEVGENIY SUBBOTOVSKIY,<br><br>                            Plaintiff,<br><br>-against-<br><br>TOURO UNIVERSITY; TOURO LAW CENTER,<br><br>                            Defendants. | 23-CV-0716 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a resident of Brooklyn, New York, brings action *pro se*. He invokes the court's federal question jurisdiction, alleging that defendants violated his rights under federal and state law. Named as Defendants are Touro University and Touro Law Center. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when he was banned from Touro Law Center and Touro University due to events that occurred while he was a student at Touro Law Center and his subsequent events that occurred at Touro Law Center and Touro University in connection with his studying for bar examination. Plaintiff does not plead the residence of Defendants, but he provides a New York, New York address for Touro University's General Counsel. The Court understands Touro Law Center to be located in Central Islip, Suffolk County, New York, and Touro University's Executive Offices to be located in Manhattan, New York. While Manhattan is located in this District,[1] Suffolk County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Because Touro University's Executive Offices are located in this District, and Touro Law Center is located in Suffolk County, under Section 1391(b)(1), venue may be proper in either this District or the Eastern District of New York. Because Plaintiff alleges that a substantial part of the events giving rise to his claims occurred at Touro Law Center in Suffolk County, venue is also proper in the Eastern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Most of the underlying events occurred in Suffolk County, either while Plaintiff was a student at Touro Law Center or in connection with Plaintiff's status as a graduate of Touro Law Center. Furthermore, it is reasonable to expect that relevant documents and witnesses also would be at Touro Law Center in Suffolk County. Because Plaintiff does not reside in this District[2] and the operative events did not occur in this District, Plaintiff's choice of forum is afforded less deference. See *Iragorri*, 274 F.3d at 72. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

---

[2] Brooklyn, Kings County, New York, is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 31, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge