UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          For Online Publication Only
YEVGENIY SUBBOTOVSKIY,

                Plaintiff,

                          **ORDER**
     -against-                 23-CV-00982 (JMA) (ST)

TOURO UNIVERSITY,
and TOURO LAW CENTER,

                Defendants.
-------------------------------------------------------------------X
**AZRACK, United States District Judge:**

Before the Court is an application to proceed in forma pauperis ("IFP") filed by Plaintiff

Yevgeniy Subbotovskiy, acting pro se.  (See ECF No. 1.)   For the following reasons, Plaintiff's

IFP application is denied without prejudice and with leave to renew upon filing the enclosed

"Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO

239) ("Long Form").   Alternatively, Plaintiff may pay the $402.00 filing fee.

The purpose of the IFP statute is to ensure that indigent persons have equal access to the

judicial system.  See Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1

(E.D.N.Y. Aug. 27, 2010) (citation omitted).   To qualify for IFP status, the Supreme Court has

long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or

give security for the costs [inherent in litigation] and still be able to provide himself and dependents

with the necessities of life."   Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948)

(internal quotation marks omitted).   The determination of whether an applicant qualifies for IFP

status is within the discretion of the district court.  DiGianni v. Pearson Educ., 10-CV-0206, 2010

WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citation omitted).   The court may dismiss a case

brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue."   28 U.S.C.

§ 1915(e)(2)(A).

Plaintiff's IFP application does not include sufficient information for the Court to determine whether he qualifies for IFP status. Plaintiff reports that he is unemployed and receives $829.00 per month in Social Security Disability benefits. (See ECF No. 1 ¶¶ 2–3, p. 3.) He reports having $160.00 in cash or in an account and owning no property or other items of value such as a car, real estate, jewelry, stocks, bonds, or other financial instruments. (Id. ¶¶ 4–5.) Curiously, although Plaintiff includes a residential address of 3100 Ocean Parkway, Apt. A30, in Brooklyn, New York, the only reported expense associated with that residence is monthly rent in the sum of $110.00. Wholly absent are any regular monthly expenses such as utilities, maintenance, or insurance. (Id. ¶ 6.) The only additional regular monthly expenses reported are: "cell phone - $100, gym - $70, haircut - $20". (Id. at 3.) Further, rather than include any itemized expenses for items such as food, transportation, and clothing, Plaintiff cursorily reports that after the listed monthly expenses are exhausted, he spends "the rest" of his income on "food and other expenses." (Id.) He also claims monthly credit card debt of $100 as well as a "private loan for law school" in the sum of $17,000. (Id. ¶¶ 7–8.) Plaintiff left blank the space that calls for any financial dependents.

The Court finds that Plaintiff's responses do not demonstrate an inability to pay the filing fee, and that they raise more questions than they answer. Because the Court finds that Plaintiff can better set forth his current financial position on the Long Form, the present IFP application is denied without prejudice and with leave to renew on the Long Form. If Plaintiff does not have a spouse, he should include the financial information of anyone providing financial support in the spaces that call for a spouse's finances. Alternatively, Plaintiff may pay the $402.00 filing fee.[1]

---

[1]     Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome

**Plaintiff shall either file the Long Form or remit the filing fee by May 22, 2023. Failure to comply with this Order may result in dismissal of this action without prejudice.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court shall mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED.**

Dated:   May 8, 2023
Central Islip, New York

_____/s/_____   (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

---

of the case.  Accordingly, Plaintiff is well-advised to consider the substance of his complaint and the requirements of Federal Rule of Civil Procedure 8.  Plaintiff is encouraged to avail himself of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School (the "Program"). Plaintiff may contact the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.