UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
YEVGENIY SUBBOTOVSKIY,

                        Plaintiff,

      -against-

TOURO UNIVERSITY, TOURO LAW CENTER,

                        Defendants.
-------------------------------------------------------------------X

(For Online Publication Only)

**ORDER**
23-CV-0982 (JMA)(ST)

FILED
CLERK
8:09 am, Dec 21, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

By Order to Show Cause dated June 23, 2023 (the "Order"), the Court ordered pro se plaintiff Yevgeniy Subbotovskiy ("Plaintiff") to show cause why the complaint should not be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Court ordered Plaintiff's response to address:

1. Whether, and if so, how, the conduct at issue was committed by a person acting under color of state law;

2. Whether his claim is barred by the applicable statute of limitations; and

3. Whether he intends to assert any other claims against Defendants in this action, and if so, the basis for any such claims.

(See Order to Show Cause, June 23, 2023).

On July 17, 2023, Plaintiff timely responded by filing an unsigned, three-paragraph letter. It states:

> "1. Whether, and if so, how the conduct at issue was committed by a person acting under color of state law; I don't have access to Lexis Nexis/ Westlaw to research 'color of state law' and how it applies in this particular case. Not giving me notice of the ban or a fair hearing should suffice as the private entity doing something immoral and illegal. Mere morals is not enough but lifetime ban that is excessive is. Sexual Harassment is immoral. However, it does not constitute lifetime ban for one act. I trust this court should decide accordingly.
>
> 2. Whether his claim is barred by the applicable statute of limitations; Claim is not barred by statute of limitations because the ban is still in effect. Date of the ban is

not legally ascertainable since I did not get notice or a fair hearing. I found out about the ban in 2017 when I tried to enter the building to go to Registrar/Bursar. Since the ban has not ended the right to bring claim is valid.

3. Whether he intends to assert any other claims against the Defendants in this action, and if so, the basis for such any claims. I do not intend to bring any other claims other than in original complaint. Those are ban is excessive, unconstitutional, repealing the ban, and 45,000 in damages for mental distress. I got into mental hospital three times after they made the ban happen. I can prove it. I am in a weekly psych program and am on medication. I can prove it."

(ECF No. 11.)

For the below reasons, Plaintiff has not demonstrated that this Court has subject matter jurisdiction to adjudicate his claims. Accordingly, Plaintiff's complaint is dismissed—without prejudice—pursuant to Federal Rule of Civil Procedure 12(h)(3).

I.  **Background**

Plaintiff—who is alleged to reside in Brooklyn, New York—filed his complaint on January 25, 2023, against Touro University and Touro Law Center (together, "Defendants").[1] (Compl., ECF No. 2.) On May 22, 2023, Plaintiff paid the Court's filing fee after the Court denied his application to proceed in forma pauperis without prejudice and with leave to renew (upon filing the "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form))." (See ECF Nos. 8–9.) Plaintiff seeks to invoke this Court's federal question jurisdiction, even though he does not cite to any constitutional provision or federal statute in his complaint. (See Compl., ECF No. 2.) Plaintiff claims that—in the summer of 2012—he was denied the "right to a fair hearing" in connection with his "lifetime ban" on entering "every building that Touro owns." (Id. at 9.)

---

[1] The Defendants are also alleged to be in New York. (See Compl., ECF No. 2 at II. B. and III.)

2

According to the complaint, Plaintiff attended Touro Law School from 2005 to 2009.  (See id. at 7.)  However, in 2007, Plaintiff was expelled for a semester for committing an act of disorderly conduct (i.e., he showed up for an exam in a bathrobe, wrote a "hateful" Trusts and Estates exam, and used bolt cutters to cut his locker lock open at night).  (Id.)  Plaintiff alleges that he returned after his leave and completed his degree without incident in 2009.  (Id.)  However—after Plaintiff failed the bar exam five times between 2009 and 2011—he "offered to sell [his] JD diploma back to Touro Law Center."  (Id. at 8.)  Touro declined the "proposed sale."  (Id.)  Thereafter, Plaintiff alleges that he was diagnosed with mal-adjustment disorder and that he was hospitalized in a "mental ward" in Coney Island.  (See id.)

In 2012, Touro offered to provide tutoring services for the bar exam.  (See id.)  Plaintiff began tutoring sessions in May 2012 at Touro Law Center's Central Islip campus.  (See id.)  Plaintiff alleges the tutoring was "unsatisfactory" and admits that he "made an inappropriate comment about [one tutor's] chest."  (Id. at 8–9.)  As a result, Plaintiff was banned from all Touro's premises "for life."  (Id. at 9.)  Finally, Plaintiff alleges that he was hospitalized in 2016 and 2019 and was diagnosed with "Bipolar Schizoaffective."  (Id. at 8.)

Liberally construed, Plaintiff's complaint appears to claim—given the alleged lack of a hearing prior to his lifetime ban from Touro—that he was deprived of due process under the Fourteenth Amendment.  Plaintiff seeks the following remedy: "[$]40,000–45,000 for emotional distress from being a bipolar schizoaffective and being banned."  (Id. at 9.)

**II.    Standard of Review**

"District courts have the inherent power to dismiss a complaint as frivolous, even when, as here, the plaintiff has paid the filing fee."  Clark v. Schroeder, 847 F. App'x 92, 93 (2d Cir. 2021)

3

(citing Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000)). Additionally, "[t]he district court has the power to dismiss a complaint sua sponte for failure to state a claim," Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991); see also Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988). The Court is obliged, however, to interpret pro se pleadings liberally, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and construe them to raise the "strongest [claims] that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A complaint is frivolous when either (1) "the factual contentions are clearly baseless" or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

### A. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, "federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). "Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*." Id. (emphasis in original). "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700–01; see also FED.

4

R. CIV. P. 12(h)(3).  The party "asserting federal jurisdiction" bears the burden of proof.  DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  As a general matter, a claim falls within that grant of jurisdiction "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983).  For example, a plaintiff properly "invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."  Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006).  A claim invoking federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (internal citation omitted).

Subject matter jurisdiction may also be invoked under Section 1332, which provides that federal jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds $ 75,000.  See 28 U.S.C. § 1332.  To establish diversity jurisdiction, there must be "complete diversity" of citizenship between the plaintiff and the defendants.  See Exxon Mobil Corp. v. Allapattah Serves., Inc., 545 U.S. 546, 553 (2005).  This means that plaintiff cannot be a citizen of the same state as any of the defendants.  See St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.").

### III.   Application

Although Plaintiff seeks to invoke this Court's federal question jurisdiction, he has not alleged any violation of the Constitution or the laws of the United States.  However—after affording the pro se complaint a liberal construction—it appears that Plaintiff claims he was deprived of due process guaranteed by the Fourteenth Amendment when he was banned from all Touro premises without a hearing.

42 U.S.C. § 1983 ("Section 1983") provides persons with private cause of action against those "acting under color of state law" to recover money damages for deprivations of "any rights, privileges, or immunities secured by the Constitution."  Matusick v. Erie Cty. Water Auth., 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983).  To establish a viable Section 1983 claim, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged deprivation was committed by a person acting under color of state law."  Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).  "A state employee acting in his official capacity is acting 'under color of state law.'"  Id. (internal citation omitted).

Here, Plaintiff seeks to impose Section 1983 liability against a private University and Law School, entities who are not alleged to have been "acting under color of state law" when Plaintiff's constitutional rights were allegedly infringed.  See Matusick, 757 F.3d at 55.  Accordingly, Plaintiff has not alleged a colorable Section 1983 claim, and, in turn, has not properly invoked this Court's federal question jurisdiction.

Further, Plaintiff cannot properly invoke this Court's diversity subject matter jurisdiction under Section 1332.  Every party to the lawsuit is domiciled in New York State, and the amount

in controversy ($45,000) does not exceed the threshold amount of $75,000. Accordingly, this Court lacks subject matter jurisdiction, too. Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), pro se litigants must establish subject matter jurisdiction. See, e.g., Koso v. McCulloh, No. 18-CV-7415(JMA)(AYS), 2019 WL 1748606, at *2 (E.D.N.Y. Apr. 18, 2019) (dismissing pro se complaint for lack of subject matter jurisdiction). Given that this Court lacks subject matter jurisdiction under Section 1331 and Section 1332, the complaint is dismissed without prejudice pursuant to FED. R. CIV. P. 12(h)(3).

### IV.     Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Yet, "while pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Hassan v. U.S. Dep't of Veteran Affairs, 137 F. App'x 418, 420 (2d Cir. 2005) (citing Dluhos v. Floating & Abandoned Vessel, Known as "New York," 162 F.3d 63, 69–70 (2d Cir. 1998)).

That was the case here. The Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Leave to amend is futile because the Court lacks subject matter jurisdiction, which could not be cured if Plaintiff is afforded an opportunity to amend his complaint. Thus, leave to amend is denied.

## V.   CONCLUSION

For these reasons, the complaint is sua sponte dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).   The Clerk of the Court shall enter judgment accordingly.   The Clerk shall also mail a copy of this Order to the Plaintiff at his address of record and record such mailing on the docket.

Although Plaintiff paid the filing fee in this Court, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek leave to appeal in forma pauperis, any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

|  |  |
|---|---|
| Dated:     December 21, 2023<br>               Central Islip, New York | ___/s/ JMA_____<br>Joan M. Azrack<br>United States District Judge |

8